**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMIR TALEBI,<br><br>                          Petitioner,<br><br>    v.<br><br>CHRISTOPHER LAROSE, *et al.*,<br><br>                       Respondents. | Case No. 26-cv-00165-BAS-JLB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br>**(ECF No. 1)** |

Petitioner Samir Talebi filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming his rights had been violated because of his "prolonged detention." (ECF No. 1.) The Court referred the case to Federal Defenders for an assessment as to whether appointment of counsel was appropriate.  (ECF No. 2.) Federal Defenders filed a Notice of Appearance (ECF No. 4) and then a Supplemental Brief in support of the Petition (ECF No. 9), including a Declaration by Mr. Talebi (ECF No. 9, Ex. A ("Talebi Decl.")).

Respondents filed a Response (ECF No. 11), including a Declaration by Gloria Solares, a Deportation Officer ("DO") with U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") (ECF No. 11, Ex. A ("DO Solares Decl.")). Petitioner filed a Traverse. (ECF No. 12.) For the reasons stated below, the Court **DENIES** the Petition **WITHOUT PREJUDICE**.

- 1 -

26cv0165

Petitioner was born in Iran and came to the United States to request asylum. (Talebi Decl. ¶ 1.)  An Immigration Judge denied Petitioner's asylum claim, and he was ordered removed to Iran on November 5, 2025. (*Id.* ¶ 2.)  ERO has obtained a travel document for Petitioner's removal to Iran, and his removal flight was scheduled for January 25, 2026. (DO Solares Decl. ¶ 9.)  Unfortunately, the removal flight had to be canceled because of a medical emergency. (*Id.*)  ICE is now waiting for Petitioner to be medically cleared, and "[o]nce Petitioner's medical issues are addressed, his removal can be effected promptly." (*Id.* ¶ 14.)

The Supreme Court held in *Zadvydas v. Davis*, 533 U.S. 678 (2001), that a petitioner cannot be held in indefinite detention while ICE attempts to remove the petitioner to another country. *Id.* at 689.  Thus, release is mandated if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.  The Court held that it was presumptively reasonable for a petitioner to be held in custody for six months while ICE attempts to effectuate removal. *Id.*

In this case, Petitioner's final order of removal was issued on November 5, 2025. Thus, Petitioner has been held in custody pending his removal for slightly more than three months.  Hence, his detention period is presumptively reasonable. *Zadvydas*, 533 U.S. at 701.  In addition, ICE has obtained travel documents for Petitioner, and he was scheduled to be removed to Iran on January 25, 2026. (DO Solares Decl. ¶ 9.)  The only reason he was not removed is because of a medical emergency. (*Id.*)  The Court has no reason to believe that this medical emergency will not be resolved and that the removal will not then be effected promptly.  Therefore, the Court finds there is a significant likelihood that Petitioner will be removed, and there is a significant likelihood that this will occur in the reasonably foreseeable future.

However, if three more months pass, or if Petitioner has additional information that his medical situation is unlikely to resolve in the reasonably foreseeable future, Petitioner can file a new Petition at that time.

26cv0165

Because Petitioner's detention is within the presumptively reasonable period of six months as laid out in *Zadvydas*, and because it appears "there is [a] significant likelihood [that Petitioner will be removed] in the reasonably foreseeable future," the Petition is **DENIED WITHOUT PREJUDICE.** (ECF No. 1.)

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: February 19, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv0165